NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
ZANY TOYS, LLC,                        :
                                       :
      Plaintiff,                       :
                                       :   Civil Action No. 13-5262 (JAP) (TJB)
           v.                       :
                                       :   **OPINION**
PEARL ENTERPRISES, LLC,                :
                                       :
      Defendant.                       :
_____ :

PISANO, District Judge.

    Plaintiff, Zany Toys LLC ("Plaintiff" or "Zany Toys"), brings this action, alleging various claims of trademark and copyright infringement by Defendant, Pearl Enterprises, LLC ("Defendant" or "Pearl"). Before the Court is a motion to dismiss Count V of Plaintiff's Second Amended Complaint and to strike certain portions of Plaintiff's prayer for relief brought by Defendant [ECF No. 60]. Plaintiff opposes this motion. The Court decides this motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court grants Defendant's motion to dismiss.

**I.    Background**

    This matter comes back before the Court on a motion to dismiss Count V of Plaintiff's Second Amended Complaint ("SAC"). Accordingly, for the purposes of this Motion, the Court will address only those factual allegations that pertain to Count V of the SAC.[1] These allegations are summarized from the SAC, and must be taken as true in deciding this Motion.[2]

---

[1] For a full recitation of the underlying facts of this matter, see the Court's Opinion of May 23, 2014. *See* ECF No. 46.
[2] *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010) ("We accept all factual allegations as true, construe the amended complaint in the light most favorable to [the plaintiff], and determine whether, under any reasonable reading of the…complaint, he may be entitled to relief.").

Under Count V of the SAC, Plaintiff asserts a claim for "Denial of Registration of Defendant's Mark and Civil Liability Based on Fraud on the U.S. Patent & Trademark Office under 15 U.S.C. § [*sic*] 1051, 1119, 1120 & 1120(a)." SAC at p. 23. In support of Count V, Plaintiff asserts that it owns valid and protectable rights in two trademarks that Defendant has allegedly infringed—THE NO! BUTTON and NO!—which Plaintiff asserts are superior to any rights that Defendant may claim to have. Plaintiff has not alleged (nor argues) that either mark has been registered by the Patent & Trademark Office ("PTO"). Plaintiff alleges that Defendant committed fraud on the PTO in connection with Defendant's January 3, 2013 intent-to-use trademark application (U.S. App. Ser. No. 85815112) for the mark THE NO BUTTON! for a talking electronic press-down toy. Specifically, Plaintiff alleges that Defendant Pearl committed fraud on the PTO in connection with the declaration submitted in support of the application, where Defendant declared:

> [H]e/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; . . . .

SAC ¶ 156. The crux of Plaintiff's claim is that Defendant Pearl "clearly lied to the PTO and, thereby, committed fraud on the PTO" when it represented that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce" after having ordered and/or received Plaintiff's products that use a substantially identical mark. *See* Pl.'s Opp. Br. at 1.

On October 16, 2013, Plaintiff Zany Toys filed an Opposition to Pearl's application (Opposition No. 91212991). Included among Plaintiff's purported grounds for opposition is an allegation of fraud on the PTO, brought under Title 18. After filing its Answer on November 25,

2013, Defendant moved the Trademark Trial & Appeal Board ("TTAB") to suspend Opposition No. 91212991 pending the disposition of the instant action before this Court. On December 27, 2013, the TTAB granted Defendant's motion to suspend Opposition No. 91212991. Upon conclusion of this action, and pursuant to 37 C.F.R. § 2.117, to the extent any claims in the Opposition remain to be determined, proceedings in front of the TTAB will resume. Presently, however, the Opposition remains suspended, and no final decision has been rendered by the Director or TTAB regarding the registration of Defendant's trademark application.

Plaintiff Zany Toys contends that Defendant's allegedly false declaration violated 15 U.S.C. § 1051; that the Court has the authority to and should deny Defendant's fraudulent application pursuant to 15 U.S.C. § 1119; and that Defendant is liable to Plaintiff for damages purportedly caused by the allegedly false declaration pursuant to 15 U.S.C. § 1120. *See* SAC ¶¶ 164, 167–68. Zany Toys also requests a judgment ordering "the Commissioner of Trademarks, pursuant to 15 U.S.C. § 1071(b), to deny Defendant's application to register the mark covered by Application Serial No. 85815112." *Id.* at ¶ 11. Defendant Pearl has moved to dismiss this Count on the grounds that this Court lacks subject matter jurisdiction over the claims, or, alternatively, that Plaintiff has failed to state a plausible claim pursuant to 15 U.S.C. § 1120.

## II.     Standard of Review

### A.     *Rule 12(b)(6) Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *See In*

*re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit has required a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. 678–79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**B.** *Rule 12(b)(1) Standard*

Federal courts are courts of limited jurisdiction and thus, are permitted to adjudicate cases and controversies only as allowed under Article III of the United States Constitution. *See* U.S. Const. art. III, § 2; *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009). When

there is no case or controversy, the district court lacks subject matter jurisdiction, and accordingly must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1); *see also In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012).  Courts have developed several justiciability doctrines that "cluster about Article III" to enforce the case-or-controversy requirement.  *Toll Bros.*, 555 F.3d at 137 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  Included in these justiciability requirements are "standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions."  *Id.*  Here, Defendant Pearl argues that this Court lacks subject matter jurisdiction over the claims in Count V on both standing and ripeness grounds.

Because standing is jurisdictional matter, a motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1).  *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  In order to establish the "'irreducible constitutional minimum' of Article III standing," a plaintiff must plead three elements:  (1) that the plaintiff "suffered a concrete, particularized, injury-in-fact, which must be actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant"; and (3) and that a favorable decision by the court could redress the injury.  *Toll Bros.*, 555 F.3d at 137–38 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted).

Likewise, the doctrine of "ripeness" limits federal jurisdiction.  "The doctrine seeks to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'"  *Kushi v. Romberger*, 543 F. App'x 197, 199 (3d Cir. 2013) (quoting *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004)).  The doctrine functions to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements

over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967); *see also Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995).  Courts examine two things when determining ripeness in cases concerning agency actions:  "(1) 'the fitness of the issues for judicial decision' and (2) 'the hardship to the parties of withholding court consideration.'"  *Kuski*, 543 F. App'x 199 (quoting *Abbott Labs*, 387 U.S. at 149).

**III.	Discussion**

The issue this Court must first decide is whether Plaintiff's have established that this Court has subject-matter jurisdiction as to decide its claims under 15 U.S.C. §§ 1119, 1120 in Count V.  Plaintiff asserts several grounds for the existence of jurisdiction in this Court:  first, that the Court has jurisdiction over Plaintiff's claims under 15 U.S.C. § 1121 and 28 U.S.C. § 1338; second, that this Court has jurisdiction over the claims pursuant to 15 U.S.C. § 1071; third, that the Court has jurisdiction to hear unripe claims if they are based on the same nucleus of facts and issues; and fourth, that the Court should hear the claims in Count V on judicial estoppel grounds.  The Court addresses these arguments below.

**A.	*Jurisdiction under 15 U.S.C. § 1071***

Under 15 U.S.C. § 1071, district courts have jurisdiction to hear a claim brought by a party who is dissatisfied with a decision of the Director or the TTAB:

> Whenever a person authorized by subsection (a) of this section to appeal to the United States Court of Appeals for the Federal Circuit is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, said person may, unless appeal has been taken to said United States Court of Appeals for the Federal Circuit, have remedy by a civil action . . . .

15 U.S.C. § 1071(b)(1). Plaintiff argues that the publication of Defendant's application was published for opposition in the Official Gazette is a decision of the Director, thereby affording this Court jurisdiction to hear the Plaintiff's claims under §§ 1119 and 1120.

The Court disagrees with such a broad interpretation of what constitutes a "decision" of the Director. Rather, "[t]he term 'decision' when used in such context means a dispositive decision in which a right has been adjudicated." *U.S. Treasury v. Synthetic Plastics Co.*, 52 C.C.P.A. 967, 967 (C.C.P.A. 1965). Publication of an application is, quite simply, not an adjudication of rights.[3] After all, the Director has a statutory obligation to publish every application that has been examined and not refused—accordingly, the publication of a trademark is not really a "decision" by the Director at all. *See* 15 U.S.C. § 1062(a). As the administrative procedures set forth in the Lanham Act make clear, the publication of a trademark for opposition "does not adjudicate a right nor is it dispositive of any issue in the proceeding." *Synthetic Plastics*, 52 C.C.P.A. at 968. Rather, the applicant's right to registration is only determined after publication and any opposition. *See* 15 U.S.C. § 1063(b). It is at this point—when the Director actually adjudicates the rights of a party and makes a substantive decision, rather than performing statutorily mandated administrative tasks—that a party who has been injured by the decision may appeal to the district courts under 15 U.S.C. § 1071. Here, therefore, because there has yet to be a decision rendered regarding the registration of Pearl's trademark application by the Director or the TTAB, the Court lacks subject matter jurisdiction over the claim pursuant to 15 U.S.C. § 1071.

---

[3] Furthermore, Plaintiff's interpretation a "decision by the Director" would allow for a would-be opposer to either file an opposition or commence a civil action. This is clearly not what is intended under the Lanham Act. *See, e.g.*, 15 U.S.C. §§ 1062, 1063. Moreover, such a broad interpretation would easily lend itself to a determination that any action by the Director at all would constitute a "decision"—such as notifying an applicant of the acceptance or refusal of a statement of use under § 1051(d)(3) or the referral of a trademark application to the examiner under § 1062(a)—that could be appealed to the district courts with the request that an application be refused. This would have the practical effect of nullifying the entire examination process at the PTO.

**B.**     *Jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338*

Plaintiff also asserts that, regardless of whether this Court has jurisdiction pursuant to 15 U.S.C. § 1071, the Court has jurisdiction over its claims in Count V under either 15 U.S.C. § 1121 or 28 U.S.C. § 1338. Section 39 of the Lanham Act provides that federal district court will have original jurisdiction over "all actions arising under this chapter." 15 U.S.C. § 1338(a). Similarly, 28 U.S.C. § 1338 provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks." 28 U.S.C. § 1338. Plaintiff argues that, because these claims involve trademarks, it follows that this Court has jurisdiction. The Court disagrees. Plaintiff's argument ignores the fact that, until rights are determined under the Lanham Act, there are no claims ripe for consideration by a district court. In other words, a claim needs to *arise* under the Lanham Act before the Court has jurisdiction to decide it. Neither Section 1121 nor Section 1338 provide an open door to the federal courts to resolve any and every dispute concerning the federal trademark process, particularly when the Lanham Act provides for certain administrative procedures that must be exhausted before a claim arises.

Turning to the claims at issue here, under the clear language of the Lanham Act, no claim arises under either §§ 1119 or 1120 until the relevant party has acquired a trademark, not merely when a trademark application is filed. Section 1119 states that a court may determine the right to registration or order the cancelation of a registration "[i]n any action involving a *registered* mark." 28 U.S.C. § 1119 (emphasis added). Implicit in the plain language of the statute is the existence of a "properly instituted and otherwise jurisdictionally supported action involving a registered trademark." *Moog Controls, Inc. v. Moog, Inc.*, 923 F. Supp. 427, 431 (W.D.N.Y. 1996) (holding the court had no subject matter jurisdiction to cancel a trademark application pursuant to 28 U.S.C. § 1119). Courts have rejected the argument that a district court can preempt the PTO and cancel a

8

pending trademark application. *See Universal Tube & Rollform Equip. Corp. v. YouTube, Inc.*, 504 F. Supp. 2d 260, 266 (N.D. Ohio 2007); *Whitney Information Network, Inc. v. Gagnon,* 353 F.Supp.2d 1208, 1211 (M.D. Fla. 2005) ("The Court concludes that in order to state a claim under these statutory provisions, one of the parties must hold a registered trademark with the USPTO; the existence of a pending application is not sufficient."); *GMA Accessories, Inc. v. Idea Nuova, Inc.,* 157 F.Supp.2d 234, 241 (S.D.N.Y. 2000) ("[B]y its terms, § 37 contemplates an action involving a registered trademark."); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 48 U.S.P.Q.2d 1385, 1386–87 (W.D.Wis.1998). This Court agrees, and holds that it lacks the power "to cancel a pending application which has not matured into a registration." McCarthy on Trademarks and Unfair Competition, § 30:113.50 (4th ed. 2014). "[A]n applicant whose mark is opposed before the Trademark Board, cannot short-circuit the administrative process by filing suit for declaratory judgment in the federal courts, asking the court to utilize Lanham Act § 37 to decide the fate of the pending application." *Id.* Accordingly, parties like Plaintiff Zany Toys that are seeking cancellation of a trademark application are "relegated to first exhausting his administrative remedies before resorting to the courts." *Moog Controls*, 923 F. Supp. at 431.

Likewise, 28 U.S.C. § 1120 creates liability for any party "who *shall procure registration* in the [PTO] of a mark by a false or fraudulent declaration or registration, oral or in writing, or by any false means." 28 U.S.C. § 1120 (emphasis added). Courts interpreting § 1120 have found it "clear that [the] trademark owner must have actually *procured* a federal trademark registration in order for its deeds to be actionable in federal court under Section 38 [of the Lanham Act]." *Gaudreau v. Am. Promotional Events, Inc.*, 511 F. Supp. 2d 152, 160 (D.D.C. 2007) (collecting cases) (emphasis in original). By its terms, liability exists only for those who have *obtained*, rather than simply applied for, registration of a mark. *See Country Mut. Ins. Co. v. Am. Farm Bureau Fed'n*, 876 F.2d 599,

9

601 (7th Cir. 1989) ("Section 38 makes sense when 'procure' is taken to mean 'obtain' and little sense when taken to mean 'apply for.'"). Accordingly, § 1120 is "inapplicable where a defendant's trademark has not been registered." *Bernard v. Commerce Drug Co.*, 774 F. Supp. 103, 109 (E.D.N.Y. 1991), *aff'd*, 964 F.2d 1338, 1342 (2d Cir. 1992); *see also Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1395–96 (9th Cir. 1993) (holding that a claim under 28 U.S.C. § 1120 accrued the day the trademark registration was procured in the USTPO); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 242 (S.D.N.Y. 2000) (holding that § 1120 "does not apply to trademark applications that have not been registered"). Therefore, because the allegedly fraudulent trademark application of Defendant Pearl is still pending with the PTO and no registration has been procured, Plaintiff's claim pursuant to § 1120 is not yet ripe. This Court, accordingly, lacks subject matter jurisdiction over the claim.

Overall, because Plaintiff's claims under §§ 1119 and 1120 have not yet "arisen," this Court lacks subject matter jurisdiction under either 15 U.S.C. § 1121 or 28 U.S.C. § 1338. Plaintiff Zany Toys argues, however, that this Court may assert jurisdiction over these unripe claims if they are based on the same nucleus of facts and issues as other claims in the proceeding. Plaintiff is correct that courts have recognized exceptions to the general rule preventing courts from reviewing trademark applications under § 1119 "when there is a close nexus between the issues in the pending application proceeding and those in the federal court dispute involving the registered mark." McCarthy on Trademarks, § 30:113.50 (citing *Johnny Blastoff Inc. v. Los Angeles Rams Football Co.,* 97-C-155-C, 1998 U.S. Dist. LEXIS 11919, at *31–32 (W.D. Wis. June 24, 1998)). In other words, some courts have found that federal courts may appropriately "determine the registerability of an as-yet unregistered mark in an action in which a registered mark is involved as well," if there "is a sufficient nexus between the application proceeding and the dispute involving the registered

10

mark." *Johnny Blastoff*, 1998 U.S. Dist. LEXIS 1119, at *31–32 (citing *Continental Connector Corp. v. Continental Specialties Corp.*, 413 F. Supp. 1347, 1349 (D. Conn. 1976) ("[E]ven under § 1119, a court, exercising jurisdiction over a suit involving a registered mark, would not be expected to entertain unrelated claims for registration of other marks.")).

However, in this case—and unlike the cases cited by Plaintiff in its brief—there is no registered mark held by either party. Furthermore, even if there was a registered mark held by either Plaintiff or Defendant, the four counts not at issue in this present motion are not "inextricably intertwined" with Count V, the count with which this motion is concerned. *See* Pl.'s Opp. Br. at 6. While it is true that both a claim for trademark infringement and a claim for fraud on the PTO require some evidence of "intent," the "intent" elements of these claims are different. *See In re Bose Corp.*, 580 F.3d 1240, 1244–45 (Fed. Cir. 2009) (explaining that a claim for fraud on the PTO requires proof of an intent to deceive the PTO); *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983) (explaining that a determination of likelihood of confusion in an infringement claim relies on, *inter alia*, the alleged infringer's intent in adopting the mark). The intent that a party has in adopting and using a mark has no bearing on whether a party intended to deceive the PTO in statements submitted to the PTO. None of the claims brought in Counts I–IV of the SAC require Zany Toys to prove fraud on the PTO; in fact, Zany Toys's claims for infringement would be exactly the same regardless of whether Defendant Pearl had ever submitted an intent-to-use trademark application to the PTO. Overall, however, it is the undisputed fact that neither party has any registrations for any of the marks at issue that prevents Plaintiff's claims from falling into this exception to the general rule constricting § 1119 claims to registered marks. Accordingly, this Court cannot exercise jurisdiction over the unripe claims found in Count V.

### C. *Jurisdiction Based on Judicial Estoppel*

Plaintiff argues that Defendant should be judicially estopped from arguing for the dismissal of the challenged Count V because such an argument directly contradicts the position it took in favor of its motion to suspend the TTAB proceeding, where Defendant asserted that the action should proceed in the civil court. The Court disagrees. As an initial matter, the Court does not see any sort of "about-face" in the position that Pearl took in its motion to suspend before the TTAB to its position here that would create the basis for judicial estoppel; as Pearl argued before the Board, this civil action does involve the same parties, the same marks, and at least three of the same allegations that Zany Toys was asserting in its opposition proceedings. Practically speaking, the Board would be bound by a determination by this Court that Zany Toys had ownership rights over the alleged trademarks at issue here. *See, e.g.*, *New Orleans Louisiana Saints LLC & NFL Props. LLC v. Who Dat?, Inc.*, 99 U.S.P.Q.2d 1150, 1552, 2011 TTAB LEXIS 208 (T.T.A.B. 2011). Such a determination would work to prevent Pearl from securing any rights from the PTO and would assumedly eliminate these claims for fraud on the PTO. Therefore, on a basic level, the Court fails to see how Defendant "play[ed] fast and loose with the courts" in a way that necessitates judicial estoppel. *Park v. Attorney General of the United States*, 472 F.3d 66, 91 (3d Cir. 2006).

More importantly, however, the Court simply lacks jurisdiction over the claims raised in Count V, and therefore may not entertain it. Even if Plaintiff Zany Toys was correct in its assertion that Defendant Pearl had argued to the TTAB that this Court had jurisdiction over some sort of fraud on the PTO claim (which the Court does not believe Pearl did), parties cannot simply manufacture subject matter jurisdiction in this Court. Any sort of "agreement" between the parties that this Court should hear a claim does not and cannot create jurisdiction where none exists.

Accordingly, Plaintiff's argument that jurisdiction exists in this Court based on judicial estoppel fails.[4]

**IV.    Conclusion**

In sum, Plaintiff's Count V suffers from the fact that jurisdiction over its claims pursuant to 28 U.S.C. §§ 1119, 1120 rests solely in the PTO until the Director decides whether or not Defendant Pearl is entitled to registration for its applied-for mark.  Before the Director makes such a decision, Plaintiff's claims are not yet ripe for determination in this Court.  Accordingly, because this Court lacks subject matter jurisdiction over the claims contained within Count V, Count V must be dismissed.  Consequently, because Plaintiff lacks standing to pursue the claims within Count V, the Court also grants Defendant's motion to strike the corresponding portions of Plaintiff's Prayer for Relief, including the portions of the request for relief that reference fraud on the PTO under 15 U.S.C. §§ 1051, 1071, 1119, 1120, and 1121(a).

For the reasons set forth above, Defendant's Motion to Dismiss Count V of Plaintiff's SAV and Strike Portions of Plaintiff's Prayer for Relief is granted.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: January 28, 2015

---

[4] While Plaintiff's citation to *Big Dipper, Inc. v. Wells' Dairy Inc.*, No. 05 C 5395, 2006 U.S. Dist. LEXIS 72061, at *10–11 (N.D. Ill. Sept. 20, 2006), sounds appealing, the case is inapposite because the case involved cancellation of a registered mark, over which the TTAB and district courts have concurrent jurisdiction.